**Not for Publication**

**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>*Plaintiff*,<br><br>v.<br><br>CHRISTOPHER R. FINN,<br><br>*Defendants*. | Crim. Action No. 17-336 (JMV)<br><br>**OPINION & ORDER** |

**John Michael Vazquez, U.S.D.J.**

This matter comes before the Court on the motion for early release from imprisonment, D.E. 16, by Defendant Christopher R. Finn, who is proceeding *pro se*. The Government opposes the motion. D.E. 17. The Court reviewed all submissions, and for the reasons that follow, Finn's motion is **DENIED**.

**Background**

Finn was originally sentenced in the United States District Court for the Western District of Virginia for a violation 21 U.S.C. § 846. Following his release from imprisonment, his supervised release was transferred to this District. D.E. 1. Finn then participated in the District Court's Reentry Court, known as ReNew, program. In January 2018, Finn was charged with three violations of supervised release: one violation for allegedly committing another crime related to threatening to kill his ex-girlfriend, and two violations for not following the instructions of his probation officer as to attending mental health treatment and not having any further contact with

his ex-girlfriend. D.E. 3. Finn thereafter pled guilty to the first violation, and was sentenced to thirty-two months of imprisonment. D.E. 12, D.E. 15.

Finn now asks the Court to shorten his sentence so that he can attend to his ailing mother.[1] D.E. 16. The Government opposes the motion, indicating that Finn does meet any of the requisite criteria that would permit such relief. D.E. 17.

**Analysis**

18 U.S.C. § 3582(c) provides that a court may not modify an imposed term of imprisonment except in the following circumstances:

(1) in any case—

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of imprisonment), after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that—
>
>> (i) extraordinary and compelling reasons warrant such a reduction; or
>>
>> (ii) the defendant is at least 70 years of age, has served at least 30 years in prison, pursuant to a sentence imposed under section 3559(c), for the offense or offenses for which the defendant is currently imprisoned, and a determination has been made by the Director of the Bureau of Prisons that the defendant is not a danger to the safety of any other person or the community, as provided under section 3142(g); and that such a reduction is

---

[1] Finn indicates that his mother currently residing in a senior living facility in East Orange, New Jersey.

> > consistent with applicable policy statements issued
> > by the Sentencing Commission; and
>
> > (B) the court may modify an imposed term of imprisonment to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure; and
>
> (2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

The Court agrees with the Government that Finn has not met any of the exceptions listed in Section 3582(c). As to subsection (c)(1)(A),[2] no motion has been made by the Director of the Bureau of Prisons nor has Finn shown that he has fully exhausted all administrative rights. As to subsection (c)(1)(B), Finn does not meet the Rule 35 requirements as to substantial assistance nor does he cite to a relevant statute. Finally, subsection (c)(2) is not applicable as the Sentencing Commission has not lowered Finn's sentencing range.

For the foregoing reasons, and for good cause shown,

It is on this 30th day of December, 2019

**ORDERED** that Defendant Finn's motion to for early release from imprisonment, D.E. 16, is **DENIED**; and it is further

**ORDERED** that the Clerk's Office shall mail a copy of this Opinion and Order to Defendant Finn.

s/ John Michael Vazquez
John Michael Vazquez, U.S.D.J.

---

[2] Because Finn is not 70 years of age, only subsection (c)(1)(A)(i), extraordinary circumstances, would be available to him.